PER CURIAM.
This case is a disciplinary proceeding before the Court upon the complaint of The Florida Bar. The report of the referee has now been filed for our consideration pursuant to rules 3-7.5 and 3-7.6 of the Rules Regulating The Florida Bar. The referee recommends disbarment. No petition for review has been filed.
The Florida Bar filed a nine-count complaint against attorney Craig Talesman. Service of the complaint upon the respondent was obtained in the manner prescribed by the Rules Regulating The Florida Bar. Although the complaint, pleadings and notices sent to respondent’s official record mailing address were returned undelivered, the referee found that respondent received actual notice of the proceedings through a family member who was personally served with the documents.
The accused attorney did not respond to the complaint. On motion of The Florida Bar, the referee granted judgment finding the facts to be as alleged in the complaint. One count pertained to respondent’s abandonment of his practice without notice to his law partner or to his clients. Several counts pertained to respondent’s conduct in withholding amounts from insurance settlement proceeds for purposes of paying clients’ medical bills and then not paying the bills. The remaining counts were based on instances in which respondent received substantial sums of money in trust from clients in connection with planned real estate transactions or business ventures. Respondent failed to disburse funds for the intended purposes, failed to account for funds, abandoned his practice, secreted his financial records, and converted large amounts of entrusted funds to his own use.
The referee concluded that respondent committed numerous instances of violation of the following provisions of the former Integration Rule of The Florida Bar and Code of Professional Responsibility: Integration Rule, article XI, rule 11.02(2) (violation of the Code of Professional Responsibility is a cause for discipline); rule 11.-02(3)(a) (conduct contrary to honesty, justice or good morals); rule 11.02(3)(b) (conduct constituting a crime); rule 11.02(4) (use of trust funds for unauthorized purpose is conversion); Code of Professional Responsibility, Disciplinary Rule 1-102(A)(3) (illegal conduct involving moral turpitude); D.R. 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation); D.R. 1-102(A)(6) (conduct adversely reflecting on fitness to practice law); D.R. 7-101(A)(2) (failure to carry out a contract of employment); D.R. 9-102(B)(1) (failure to notify client of receipt of funds or property); and D.R. 9-102(B)(3) (failure to render accounts regarding funds and property of a client coming into a lawyer’s possession).
The referee recommends that respondent be disbarred with the condition that he not be permitted to apply to be readmitted to The Florida Bar for a period of ten years. The referee stated her reasons for this recommendation as follows:
Respondent’s abandonment of his law practice evidenced a total disregard for the most fundamental obligations a lawyer owes his clients. That act, in conjunction with the specific acts of failure to properly represent clients, dishonesty, fraud, breach of fiduciary duty, misappropriation of funds entrusted for a specific purpose and trust account violations, set forth in the Florida Bar’s complaint, leave this Referee no other choice but to make this disciplinary recommendation. Respondent has failed to come forward and offer any legal justification for his conduct so it must be presumed that he knowingly and willfully engaged in the aforestated course of unethical conduct.
The referee also recommended, in view of the fact that unaccounted-for trust funds must be presumed to have been converted to respondent’s own use, that he be required to make restitution to all clients *979 harmed by his misappropriations. The total amount of funds not accounted for exceeds $460,000.
We approve the referee’s report and adopt the recommended discipline. Craig Talesman is hereby disbarred, effective immediately. No application for readmission to The Florida Bar may be made by respondent for ten years from the date of this judgment and until full restitution has been made.
The costs of this proceeding are taxed against the respondent. Judgment is entered against Craig Talesman in the amount of $1,322.00, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.